FILED

2019 SEP 17 PM 3: 31

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

                              Plaintiff,

        v.

JAY DANIEL SEINFELD, SARA BETH
POSTMA, TRADITIONS CAPITAL
MANAGEMENT LLC, and
HOSPICE PATIENT AID PROGRAM INC.

                              Defendants.

**A19CV0910LY**
Civil Action No. _____

**FINAL JUDGMENT AS TO DEFENDANTS JAY DANIEL SEINFELD, SARA BETH POSTMA, TRADITIONS CAPITAL MANAGEMENT LLC, AND HOSPICE PATIENT AID PROGRAM INC.**

The Securities and Exchange Commission having filed a Complaint and Jay Daniel Seinfeld, Sara Beth Postma, Traditions Capital Management LLC ("TCM"), and Hospice Patient Aid Program Inc. ("HPAP") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over each Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided in the consent signed by each of the Defendants and also herein in paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

1

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendanst or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from directly or indirectly, including but not limited to, through any entity any Defendant owns or controls, engaging in any activity for the purpose of:

(a)     inducing or attempting to induce the purchase or sale of any variable annuity, death-put bond, or other security structured to generate proceeds upon the death of any hospice patient or other terminally ill person,

(b)     causing any person or entity to engage in any activity for the purpose of inducing or attempting to induce the purchase or sale of any such security,

(c)     deriving compensation from any activity engaged in for the purpose of inducing or attempting to induce the purchase or sale of any such security, or

(d)     purchasing or otherwise acquiring an ownership interest in any such security; provided, however, that nothing in this paragraph shall prohibit Defendants Seinfeld and Postma

(collectively, "Individual Defendants") from purchasing, otherwise acquiring an ownership interest in, or being a named beneficiary of any such security as to which the person upon whose death proceeds are generated is an Individual Defendant or an Individual Defendant's spouse, parent, child, sibling or in-law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendants Seinfeld and Postma are prohibited for three and two years, respectively, following entry of this Final Judgment from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a)     Defendant Seinfeld is liable for disgorgement of $362,573.80, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $50,176.88, and a civil penalty in the amount of $256,287.00 pursuant to Section 21(d)(3) of the Exchange Act [15

4

U.S.C. § 78u(d)(3)]. Defendant Seinfeld shall satisfy this obligation by paying $669,037.68 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

(b)     Defendant Postma is liable for disgorgement of $80,795.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,954.84, and a civil penalty in the amount of $50,000.00 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant Postma shall satisfy this obligation by paying $143,749.84 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph VI below.

The Individual Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Individual Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Jay Daniel Seinfeld" or "Sara Beth Postma" as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Individual Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By

making this payment, the Individual Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to them.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. The Individual Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, the Individual Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on the Individual Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Individual Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Individual Defendants

shall, within 30 days after entry of a final order granting the Penalty Offset, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to the United

States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be

deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against a Defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

Defendant Postma shall pay the total of disgorgement, prejudgment interest, and penalty

due of $143,749.84 in installments to the Commission according to the following

schedule:  (1) $93,749.84 (consisting of $80,795 in disgorgement plus $12,954.84 in

prejudgment interest), within 14 days of entry of this Final Judgment; and (2) $50,000

(consisting of civil penalties) within three years this Final Judgment, by making thirty-six

payments of $1,388.89, with the first monthly payment due within 14 days of entry of this Final

Judgment.  Payments shall be deemed made on the date they are received by the Commission

and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961

on any unpaid amounts due after 14 days following the entry of Final Judgment.  Prior to making

the final payment set forth herein, Defendant Postma shall contact the staff of the Commission

for the amount due for the final payment.

If Defendant Postma fails to make any payment by the date agreed and/or in the amount

agreed according to the schedule set forth above, all outstanding payments under this Final

Judgment, including post-judgment interest, minus any payments made, shall become due and

payable immediately at the discretion of the staff of the Commission without further application to the Court.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of each Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. §523], the allegations in the complaint are true and admitted by the Individual Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the Individual Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by the Individual Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. §523(a)(19)].

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: September 17, 2019

UNITED STATES DISTRICT JUDGE